| | |
|---|---|
| 1 | Rolf S. Woolner (SBN: 143127) |
| | rwoolner@winston.com |
| 2 | Justin E. Rawlins (SBN: 209915) |
| | jrawlins@winston.com |
| 3 | Gayle I. Jenkins (SBN: 168962) |
| | gjenkins@winston.com |
| 4 | Michael T. Leary (SBN: 316627) |
| | mtleary@winston.com |
| 5 | WINSTON & STRAWN LLP |
| | 333 S. Grand Avenue |
| 6 | Los Angeles, CA 90071-1543 |
| | Telephone:   (213) 615-1700 |
| 7 | Facsimile:   (213) 615-1750 |
| 8 | Attorneys for Defendants |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | **Case No.:** 2:08-bk-20298-BR |
| TOWER PARK PROPERTIES, LLC, | Chapter 11 |
| Debtor. | **Adv. No.:** 2:20-ap-01010-BR |
| | |
| SUNSET COAST HOLDINGS, LLC, | **DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS** |
| Plaintiff, | |
| v. | Date:  TBD |
| HUGHES INVESTMENT PARTNERSHIP LLC, a Delaware limited liability company; MH HOLDINGS II H, LLC, a Delaware limited liability company; MH LAND HOLDINGS I-A, LLC, a Delaware limited liability company; MH LAND HOLDINGS I-B, LLC, a Delaware limited liability company; MH LAND HOLDINGS I-C, LLC, a Delaware limited liability company; MH LAND HOLDINGS I-D, LLC, a Delaware limited liability company; and DOES 1-20, | Time: TBD<br>Place: Courtroom 1668<br>Edward Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | |

1     Defendants Hughes Investment Partnership, LLC ("**HIP**"), MH Holdings II H, LLC ("**MH
2 II**," and, with HIP, the "**Lenders**"), MH Land Holdings I-A, LLC, MH Land Holdings I-B, LLC,
3 MH Land Holdings I-C, LLC, and MH Land Holdings I-D, LLC ("**Owner**") (collectively,
4 "**Defendants**") move this Court to expunge the lis pendens/notice of pendency of action recorded by
5 Plaintiff Sunset Coast Holdings, LLC ("**Plaintiff**") on 1652 Tower Grove Drive, Beverly Hills, CA
6 90210 ("**Property**").

7 **I.     INTRODUCTION**

8     A lis pendens—that is, a notice of pendency filed in the real property records—is a powerful
9 tool.  It directly affects an owner's ability to market and sell a property.  For that reason, state law
10 creates the remedy of expungement of an improper lis pendens.

11     The lis pendens at issue here was not served or filed in compliance with the requirements of
12 the California Code of Civil Procedure, rendering it void and invalid as to the Defendants.  More
13 fundamentally, the lis pendens is based on a complaint that fails to state a claim for relief and thus is
14 subject to a just-filed motion to dismiss this action with prejudice.  [Doc. No. 8].  This motion
15 therefore asks for an order of expungement of the lis pendens, plus an award of Defendants' fees and
16 costs (mandatory under applicable law) incurred in bringing this motion.

17 **II.    STATEMENT OF FACTS**

18     Defendants respectfully incorporate by reference all of the facts submitted with their *Motion
19 to Dismiss Complaint with Prejudice* [Doc. No. 8], and rely upon the same in support of this motion.
20 In addition, Defendants further note the following:

21     Following years of litigation in multiple courts and a non-judicial foreclosure process that
22 commenced in January 2019, the Owner acquired the Property at a trustee's sale on August 20,
23 2019.  Bk. Doc. Nos. 709, 716 at 2.  A Trustee's Deed Upon Sale in favor of the Owner was
24 recorded by the foreclosure trustee on August 22, 2019; a copy is attached as Exhibit 1 to the
25 Complaint in this action.  *See* Doc. No. 7, Ex. A at pages 24-31.  On December 18, 2019, Plaintiff
26 filed its Complaint in this action in the Los Angeles Superior Court (the "**State Court**").  *Id*. at pages
27 8-56.

28     On January 6, 2020, without having served the Complaint or a summons thereon, Plaintiff

filed a *Notice of Pendency of Action (Lis Pendens)* (the "**Lis Pendens**") in the State Court. *See* Doc. No. 7, Ex. A at pages 76-88. The notice included a proof of service asserting that copies of the notice were sent by regular mail to Owner, to counsel for the Owner, and to counsel for the primary beneficiary of the Mark Hughes Family Trust. *See id*. at pages 79-80. No copies of the notice were received by any of the addressees for more than two weeks. *See* the concurrently filed Declarations of Thomas Kenney at ¶¶ 3-4, Julie Samson at ¶¶ 3-5, Eric Rowen at ¶ 4, and Rolf Woolner at ¶¶ 2-3. When copies were received at two of the addresses, on January 22 and 23, 2020, one of the envelopes bore a postmark dated January 17, 2020. Samson Decl. at ¶ 3, Ex. A. No notice was ever received at the third address. Rowen Decl. at ¶ 4.

On January 9, 2020, Plaintiff recorded a copy of the Lis Pendens in the Los Angeles County Property records; as recorded, the Lis Pendens was assigned document number 20200036017. *See* Woolner Decl. at ¶ 4, Ex. D.

**III.    LEGAL STANDARD**

California Code of Civil Procedure §§ 405.30 *et seq*., set forth the procedure, standard, and burden of proof in connection with expunging a lis pendens. "At any time after notice of pendency of action has been recorded, any party . . . with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. Because the action is now pending in this Court, a motion to expunge is properly brought here. *Id*. A lis pendens may be expunged if either "the pleading on which the lis pendens is based does not state a real property claim, [or] if the claimant fails to establish the probable validity of the claim . . . ." *Rey Sanchez Investments v. Superior Court*, 244 Cal. App. 4th 259, 263 (2016) (citing Cal. Civ. Proc. Code §§ 405.31, 405.32). The claimant (i.e., the person who filed the lis pendens) has the burden of proof under Sections 405.31 and 405.32. Cal. Civ. Proc. Code § 405.30.

**IV.    ARGUMENT**

    **A.    The Lis Pendens Is Void Because Plaintiff Did Not Serve or Record the Lis Pendens in Compliance with Applicable Law**

California Code of Civil Procedure § 405.22 sets forth the requirements for serving a lis pendens. "[T]he claimant shall, ***prior to*** recordation of the notice [of lis pendens], cause a copy of

3

1  the notice to be mailed, by registered or certified mail, return receipt requested, to all known
2  addresses of the parties to whom the real property claim is adverse and to all owners of record of the
3  real property affected by the real property claim as shown by the latest county assessment roll . . . .
4  Immediately following recordation, a copy of the notice shall also be filed with the court in which
5  the action is pending." (Emphasis added.) "Any notice of pendency of action shall be ***void and***
6  ***invalid*** as to any adverse party or owner of record unless the requirements of Section 405.22 are met
7  for that party or owner . . . ." Cal. Civ. Proc. Code § 405.23 (emphasis added).

8        Multiple defects with Plaintiff's alleged service of the Lis Pendens render Plaintiff's notice
9  void and invalid as a matter of law. The proof of service attached to the Lis Pendens is dated
10  January 6, 2020 and indicates that the document was served by U.S. mail on that day to recipients at
11  three separate local addresses. *See* Doc. No. 7, Ex. A at pages 79-80. In fact, it is evident that
12  service was not effected as claimed in the proof of service that was attached to the notice. The
13  Owner did not receive a copy of the Lis Pendens until January 22, 2020—over two weeks after the
14  Lis Pendens was allegedly mailed—and the envelope in which that document arrived is postmarked
15  January **17**, 2020, which (perhaps not coincidentally) was the same day that Defendants removed the
16  case to this Court. *See* Samson Decl. at ¶ 3, Ex. A; *see also* Doc. No. 1. A second addressee on the
17  proof of service, the Owner's counsel at Winston & Strawn LLP, did not receive a copy of the Lis
18  Pendens until January 23, 2020—again, more than two weeks after the Lis Pendens was allegedly
19  mailed. *See* Woolner Decl. at ¶ 2, Ex. C. The third addressee, counsel to the primary beneficiary of
20  the Trust that ultimately controls the Owner, never received a copy of the notice. Rowen Decl. at
21  ¶ 4. These facts give rise to a compelling inference that service by mail on January 6, 2020 did not
22  actually occur.

23        If this transgression were not egregious enough by itself, these facts establish several other
24  defects under Code of Civil Procedure § 405.22. First, it is evident that, notwithstanding the
25  January 6, 2020 proof of service, the mailing of the Lis Pendens (on or about January 17, 2020)
26  occurred long after it was recorded in the County property records on January 9, 2020. *Cf.* Cal. Civ.
27  Proc. Code § 405.22 (a notice of lis pendens must be mailed ***before*** it is recorded). Second, the
28  proof of service reflects, and the envelopes that the Owner and Winston & Strawn received confirm

(s*ee* Samson Decl. at ¶ 3, Ex. A and Woolner Decl. at ¶ 2, Ex. C), that Plaintiff attempted to serve the Lis Pendens by ***regular mail***; not by registered or certified mail with a return receipt requested as required by Section 405.22. *See also Ng v. US Bank, NA*, 2017 WL 951000, at *2 (N.D. Cal. 2017) (expunging a lis pendens because plaintiff served the lis pendens by regular mail, rather than registered or certified mail). Third, Section 405.22 states that "[i]mmediately following" the recording of a lis pendens, the claimant must file a copy of the lis pendens with "the court in which the action is pending." The State Court docket reveals that Plaintiff filed a copy of the Lis Pendens with the State Court on January 6, 2020 [Doc. No. 7-1 at 3, 73], but, as indicated above, the Lis Pendens was not recorded until January 9, 2020. Woolner Decl. at ¶ 4, Ex. D.

Because Plaintiff has failed to comply with virtually any portion of Code of Civil Procedure § 405.22, the Lis Pendens is "void and invalid" as to Defendants. *See* Code of Civil Procedure § 405.23.

### B. Even Setting Aside the Service and Recording Defects, the Lis Pendens Must Be Expunged Because the Complaint Does Not State Any Claims—Real Property or Otherwise—and Plaintiff Cannot Demonstrate the Probable Validity of those Claims

A "real property claim" is "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." Cal. Civ. Proc. Code § 405.4. "If the pleading filed by the claimant does not properly plead a real property claim, the lis pendens must be expunged upon motion under CCP 405.31." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004). "Probable validity . . . means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Civ. Proc. Code § 405.3. The court is required to expunge the lis pendens if the claimant does not establish "by a preponderance of the evidence the probable validity of the real property claim." *Kirkeby*, 33 Cal. 4th at 651.

As explained in Defendants' just-filed motion to dismiss, the claims for relief in the Complaint lack any merit and the Complaint should be dismissed with prejudice. Rather than burden the record by repeating them in full here, Defendants respectfully incorporate by reference

the facts and arguments contained in the motion to dismiss [Doc. No. 8].  In summary:  Plaintiff's claims conflict with the unambiguous and controlling terms of both the Plan in this case and the related intercreditor agreement.  Plaintiff's claims rest on a right of redemption under a provision in the Plan relating to a "Court Deed Option" that was triggered only by successful exercise of that option—and the Court Deed Option was never exercised.  The property was obtained by the Owner at a trustee's sale as part of a non-judicial foreclosure.  (In fact, the Court Deed Option *could not* be exercised after the debtor in this case improperly transferred the real property to Plaintiff's assignor, Secured Capital Partners, LLC, in 2016—and that transfer itself had the effect of extinguishing any redemption right through a merger of title in SCP.)

It is doubtful that Plaintiff's claims even qualify as "real property claims."  Plaintiff's request for a declaration that it has the right to purchase the Property under the right of redemption is based entirely on allegations that the Defendants breached the Agreement and pursued foreclosure of the Property in bad faith.  As explained in the motion to dismiss, the claims in this action are contradicted by the Plan or the Agreement, so the request for declaratory relief must fail.

Given the showing in the motion to dismiss that the Complaint does not state any claims for relief and that it would be futile to permit Plaintiff to try to amend, it follows for purposes of this motion to expunge that Plaintiff cannot demonstrate the probably validity of its claims in the litigation.  When Plaintiff's action is dismissed with prejudice, as it should be, the Lis Pendens obviously must be expunged.

      **C.**    **Defendants Are Entitled to the Attorneys' Fees and Costs They Have Incurred in Bringing this Motion**

Section 405.38 provides for the mandatory award of attorneys' fees on a successful motion to expunge: "The court *shall* direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38 (emphasis added).

Plaintiff simply cannot demonstrate that it was substantially justified in recording the Lis Pendens.  First, Plaintiff did not comply with the statutory requirements for proper service that must

precede filing of the notice and, to date, still has not properly served all recipients listed in the proof of service in the manner required by the statute.  Second, for the reasons discussed in Defendants' motion to dismiss, Plaintiff lacks any sort of meritorious real property claim, and the allegations in the Complaint are contradicted by the law, the terms of the Plan, and the agreement on which the Complaint is based.  Plaintiff's actions are another step in what has been a long line of bad-faith tactics by Tower Park, SCP, and their principals[1]—this time by an assignee of SCP (*see* Compl. ¶ 7). Although imposing mandatory attorneys' fees and costs on Plaintiff may not stop those parties' misbehavior, it shows that there will be consequences.

Defendants are entitled to the attorneys' fees and costs they have incurred in bringing this motion.  Assuming that the Court agrees, Defendants propose to present an application showing their fees and costs following the hearing on the merits of this motion, so that the amount of fees can be determined after preparation of any reply papers that may be necessary and appearance at the hearing.

## V.  CONCLUSION

For all of the foregoing reasons, this Court must expunge the Lis Pendens and award Defendants any and all attorneys' fees and costs they have incurred in bringing this motion, in an amount to be determined following a hearing on the merits of this motion.

Dated:  January 31, 2020                    WINSTON & STRAWN LLP

By: /s/ Rolf S. Woolner
    Rolf S. Woolner
    Counsel for Defendants

---

[1] This Court has already noted—in the presence of Plaintiff's counsel in the course of his representation of Tower Park—that Tower Park, SCP, and their principals "have abused the legal process beyond recognition" and "would virtually do anything and are not afraid of any consequences."  *See* Bankruptcy Doc. No. 712 (August 19, 2019 transcript) at 9:22-24; 21:19-21; 36:23-24.